IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
v.                          )    CR. NO. _2:10cr20-MEF_
                            )    [18 U.S.C. § 545,
                            )    16 U.S.C. § 3372(a)(4),
                            )    16 U.S.C. § 3373(d)(1)(A),
DAWIE GROENEWALD,           )    18 U.S.C. § 2]
a/k/a Dawid Jacobus Groenewald    )
                            )    INDICTMENT

The Grand Jury charges:

## COUNT 1 (SMUGGLING)

At all times relevant to the Indictment, unless otherwise indicated:

1. On an unknown date but before July 2006, A.G.D., a resident of Kyle, Texas,

lawfully booked a leopard hunt through DAWIE GROENEWALD with Out of Africa

Adventurous Safaris (Out of Africa) of Prachtig Mussina, Limpopo Province, South Africa, during

a Safari Club International Show.

2. In or about July 2006, A.G.D. traveled to South Africa for a safari guided by Professional

Hunter Tielman Eramus, who worked for GROENEWALD at Out of Africa to hunt a variety of

species, including a leopard. A.G.D. hunted and killed a leopard on GROENEWALD's ranch in

Limpopo Province on or about July 18, 2006.

3. As of this date, GROENEWALD had not received or been issued the hunting rights to hunt

and kill the leopard, nor had he received or been issued a valid permit from the provincial

government. This permit, called an Ordinary Permit, is one of the documents required by the

provincial government to legally export the leopard trophy from South Africa.

4. A.G.D. subsequently returned to the United States on an unknown date in July 2006,

1

leaving the leopard trophy in South Africa to be prepared for shipment to his home in Texas. A.G.D. has not returned to South Africa since the hunt in July 2006.

5. By July 2008, A.G.D. still had not received the leopard trophy.

6. To acquire the paperwork necessary to export the leopard trophy from South Africa, at a date unknown to the grand jury, but before September 16, 2008, GROENEWALD submitted an application for hunting rights to the provincial government in Polokwane, Limpopo province. GROENEWALD received approval for the hunt by means of a letter.

7. On or about September 16, 2008, GROENEWALD submitted an application for an Ordinary Permit. The application sought permission to conduct a leopard hunt on the farm of Prachtig Mussina 538 MS, South Africa, where GROENEWALD operates Out of Africa. The application lists GROENEWALD as the outfitter and Tielman Erasmus as the professional hunter. The application indicated the hunt would take place between September 28, 2008, and October 30, 2008. GROENEWALD appears to have signed the application.

8. The provincial government then issued GROENEWALD an Ordinary Permit (number 0-15469) on October 27, 2008. The permit holder was A.G.D., but GROENEWALD was listed as the applicant and outfitter. The permit was not signed by A.G.D., a condition which invalidates the permit.

9. GROENEWALD then sought the assistance of a brokerage, Trophy Solutions Africa, based in South Africa, to arrange the shipment and exportation of the leopard trophy to A.G.D. in Kyle, Texas. Specifically, GROENEWALD requested that Trophy Solutions Africa apply for a CITES export permit for the leopard on behalf of A.G.D.

10. On or about October 19, 2009, a shipment containing a leopard entered the United States at or near Jamaica, New York.

11. Beginning from a date unknown but no later than July 18, 2006, and continuing until

2

October 10, 2009, in South Africa and elsewhere, the defendant

DAWIE GROENEWALD,
a/k/a Dawid Jacobus Groenewald

a person subject to the jurisdiction of the United States, did knowingly import and bring merchandise into the United States contrary to law by importing the leopard trophy (<u>Panthera pardus</u>) into the United States without first obtaining a valid CITES export permit from the leopard's country of origin. All in violation of Title 18, United States Code, Sections 545 and 2.

## COUNT TWO (LACEY ACT EXPORT FELONY TRAFFICKING VIOLATION)

12. The information contained in Paragraphs 1 through 11 of this Indictment are re-alleged and incorporated herein.

13. Beginning from an unknown date but no later than July 18, 2006, and continuing until on or about October 10, 2009, in South Africa and elsewhere, the defendant,

DAWIE GROENEWALD,
a/k/a Dawid Jacobus Groenewald

a person subject to the jurisdiction of the United States, did knowingly import and export wildlife, that is a leopard trophy (<u>Panthera pardus</u>), in foreign commerce from South Africa to the United States, knowing that the leopard was taken in violation of and in a manner unlawful under the laws and regulations of South Africa, specifically Limpopo Environmental Management Act, Act No. 7 of 2003, Section 51(1), which holds that "A hunting-outfitter may not present, advertise, organise, or conduct the hunting of a wild or alien animal for a client unless the hunting-outfitter is the holder of hunting-rights on the land on which the hunting is presented, advertised, organised or conducted or is authorised by the [Member of the Executive Council of the Province responsible for environmental affairs] in writing, to present a hunt of specific wild or alien animals." All in

3

violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(A) and Title 18, United States Code, Section 2.

A TRUE BILL:

Foreperson

LEURA G. CANARY
UNITED STATES ATTORNEY

Monica A. Stump
Assistant United States Attorney

4